GEORGE GATES v. SAMUEL E. BLISS.

*Warranty. Rescision. Contract. Evidence.*

The party defrauded in the sale or exchange of property may rescind for fraud, within a reasonable time. To effect that, such party is required to return the property received, and signify his purpose to rescind for the fraud.

The defendant having exchanged horses with the plaintiff, returned the horse he so received to the plaintiff within a reasonable time, told him the horse was spavined, and not such as he represented, and "asked to rescind and place both parties just as they were before the trade." *Held* that this evidence had a legal tendency to show a *rescision* of the contract.

GENERAL ASSUMPSIT. Plea, the general issue, and payment. Trial by jury, April term, 1870, PIERPOINT, C. J., presiding. Verdict for the plaintiff.

It appeared on trial that the plaintiff exchanged his horse for a certain mare of the defendant, and by that trade the defendant agreed to pay the plaintiff $70 as "boot" or difference between the horse and the mare, and that the suit was brought to recover that sum, no part of which had been paid.

The defendant introduced evidence tending to show that the plaintiff represented and warranted his horse at the time of the trade and exchange to be sound and all right in every respect; and that said horse was unsound by reason of a spavin, and one of his hips being lower and flatter than the other, and was lame, and that the plaintiff knew of the unsoundness and lameness of the horse at the time of the trade, and that the defendant relied upon the plaintiff's said representations and warranty as to the soundness of his horse as true in the trade, and that he would not have traded if he had not supposed the horse was sound and all right; and that the defendant, within six days from the time of the trade, and within a reasonable time after he discovered that the horse was not sound and all right, took the horse back to the plaintiff and told him he had discovered that the horse was unsound, and had a spavin on his hind leg, and requested the plaintiff to trade back and call it no trade, which the plaintiff refused to do.

On trial the defendant testified : " I took the horse back to Mr. Gates, and Mr. Alfred D. Olmstead went with me. I told Gates that I had found out that the horse had a spavin, and wanted to know what he was going to do about it. Mr. Gates said that if it was anything that was on the horse when he traded, it was for him (Gates) to do something about it, but if it was something that he (Bliss) had got on to the horse, it was his (Bliss's) loss. I offered to trade back and have things just as they were before we traded. But Mr. Gates refused to do so." The defendant introduced the deposition of Alfred D. Olmstead, which was read to the jury, and among other things he testified : " I was at the interview between Mr. Bliss and Mr. Gates when he took the horse back to Gates. Bliss offered to change back horses again and call it no trade."

The plaintiff testified on cross-examination, " I told the defendant, at the time of the trade, the horse was all right so far as I knew." He also testified that at the time the horse was all right so far as he knew, and that he did not warrant the horse to be sound. And the defendant's counsel asked him, " Did not the defendant, within a few days after the trade, take the horse he (Gates) let the defendant have, back to him and ask to rescind the trade so as to place both parties just as they were before the trade ;" and the plaintiff answered, " He did, and I refused to do it." It appeared that at this time the parties attempted to adjust the matter between themselves, but failed to do so. The defendant did not return or tender the horse to the plaintiff, or demand the mare, or attempt to rescind the contract, except as before stated, but took the horse with him, kept him, and afterwards offered to sell him.

The defendant requested the court to instruct the jury that if the jury should find the plaintiff warranted his horse to be sound and all right, as the evidence tended to show, and the plaintiff knew it was not sound and all right, as warranted to be, and the defendant relied upon the plaintiff's warranty in the trade as true, the evidence tended to show such a rescinding, or an offer to rescind, the trade, and placing the parties as they were before the trade, as would defeat any recovery by the plaintiff for the difference the

defendant was to pay in the exchange of the horses, and that it should be submitted to the jury to find the fact of such a rescinding, or an offer to rescind, as would defeat the plaintiff's recovery —the court telling the jury what would constitute such a rescinding, or an offer to rescind, as to defeat the plaintiff's recovery.

The court declined so to instruct the jury, but did instruct them that conceding the facts to be as the evidence tended to show, and about which there was no controversy, they would not constitute such a rescinding of the contract as would of itself defeat the plaintiff's recovery.

The defendant excepted to the charge as given, and to the refusal to charge as requested.

*L. F. Wilbur* and *H. Ballard*, for the defendant, cited *Morrill* v. *Aden*, 19 Vt., 505 : *Herrin* v. *Libbey*, 36 Maine, 350 ; *Marston* v. *Knight*, 29 Ib., 341 ; *Mallory* v. *Leach*, 35 Vt., 156 ; *Loomis* v. *Wainwright*, 21 Vt., 520 ; *Thayer* v. *Turner*, 8 Met., 550 ; *Folsom* v. *Plumer*, 43 N. H., 469 ; *Brubaker* v. *Okeson*, 36 Pa., 521 ; *Haynes* v. *Flanders*, 7 Foster, 210 ; *Manning* v. *Albee*, 11 Allen, 520.

*Lawrence & Burnap*, for the plaintiff, cited *Woodward* v. *Thacher*, 21 Vt., 580 ; *Healey* v. *Utley*, 1 Cowen, 352 ; *Davis* v. *Maxwell*, 12 Met., 286 ; *Miner* v. *Bradley*, 22 Pick., 457 ; *Conner* v. *Henderson*, 15 Mass., 319.

The opinion of the court was delivered by

REDFIELD, J. This is an action in assumpsit to recover " boot " on the exchange of horses. The defendant proved that plaintiff warranted his horse " sound and all right," and that he was, in fact, and known to plaintiff to be, at the time, spavined and lame ; that defendant within a reasonable time returned such horse to the plaintiff, made known to him that the horse was lame and unsound, and " requested the plaintiff to trade back and call it no trade," which plaintiff refused to do. The plaintiff was asked, on the stand, " if defendant did not return the horse to him and ask to rescind the trade so as to place both parties as they were

before the trade," and the plaintiff answered, "He did, and I refused to do it." The witness Olmstead testified that defendant returned the horse, told the plaintiff that the horse was *spavined*, and "asked him what he was going to do about it," and "offered to change back horses again and call it no trade." There seems no doubt, from the statement of facts in the exceptions, that defendant might rightfully *rescind* for fraud; and that would require him to return the property received to the plaintiff, and offer to rescind, and restore the parties to the condition before the trade; and this should be done in the exercise of a *right*, and not as a matter of attempted *negotiation*.

We are not entirely agreed as to the character of the conference between the parties as detailed in the exceptions, but a majority of the court think that the evidence did have a legal tendency to prove an offer to rescind, on the part of the defendant, and that, under proper instructions from the court, it was the province of the jury to determine the force and weight of such evidence. And from all the circumstances—the return of the horse, the complaint of the spavin and lameness, the "request to trade back and call it no trade," the offer to "trade back and have things as they were before the trade," the "asking to rescind," and refusal of the plaintiff,—what did the parties understand? What was the defendant's purpose, meaning and intention, and what ought the plaintiff to have understood? We think the evidence tended to prove that the defendant offered to return the horse to the plaintiff in rescision of the contract, for the fraud, and that the evidence should have been submitted to the jury, under proper instructions, to determine whether the contract was, in fact, *rescinded* by the defendant.

For this reason the judgment of the county court is reversed, and the cause remanded.